

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

Rod J. Rosenstein
United States Attorney

Anthony V. Teelucksingh
Special Assistant United States Attorney

400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770-1249

DIRECT: 202-353-4779
MAIN: 202-514-1026
FAX: 202-514-6116

Anthony.Teelucksingh@usdoj.gov

July 26, 2010

John Chamble, Esquire
Office of the Federal Public Defender
Southern Division
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770

\_\_\_\_\_FILED    \_\_\_\_\_ENTERED
\_\_\_\_\_LODGED  \_\_\_\_\_RECEIVED

AUG 1 6 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY

Re: United States v. Andre Everton Grant
    Crim. No. [to be assigned] DKC 2010-0465

Dear Mr. Chamble:

This letter, together with the Sealed Supplement, confirms the revised plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by 12:00 noon on August 3, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to a three-count criminal information charging him in Count One with knowingly, and with intent to defraud, accessing a protected computer without authorization in violation of 18 U.S.C. § 1030(a)(4); in Count Two with knowingly, and with intent to defraud, using one or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and in Count Three, knowingly possessing or using without lawful authority, a means of identification of another person, in violation of 18 U.S.C. § 1028A. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

### Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

John Chamble, Esquire
July 26, 2010
Page 2

*18 U.S.C. §1030(a)(4) – Fraud and related activity in connection with computers*

(1) the defendant knowingly accessed without authorization a computer that was exclusively for the use of the United States government and the computer was used in or affecting interstate or foreign commerce or communication;
(2) the defendant did so with the intent to defraud;
(3) by accessing the computer without authorization, the defendant furthered the intended fraud;
(4) the defendant by accessing the computer without authorization obtained anything of value.

*18 U.S.C. §1029(a)(2) – Fraud and related activity in connection with access devices*

(1) the defendant knowingly used an unauthorized access device at any time during a one-year period;
(2) by using the unauthorized access device during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period;
(3) the defendant acted with the intent to defraud; and
(4) the defendant's conduct affected interstate commerce.

*18 U.S.C. § 1028A – Aggravated identity theft*

(1) that the defendant knowingly transferred, possessed, or used without lawful authority, a means of identification of another person; and
(2) that the defendant transferred, possessed, or used the means of identification of another person during and in relation to using an unauthorized access device.

Penalties

3.      The maximum sentence provided by statute for the offenses to which the defendant is pleading guilty are as follows: Count One, imprisonment for five years, followed by a term of supervised release of not more than three years; Count Two, imprisonment for ten years, followed by a term of supervised release of not more than three years and a fine of $250,000; Count Three, a mandatory period of incarceration of two years, to be served consecutive to the term of imprisonment imposed on any other count, followed by a term of supervised release of not more than one year and a fine of $250,000. In addition, the Defendant must pay $300 as a special assessment ($100 for each count) pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine,

John Chamble, Esquire
July 26, 2010
Page 3

immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

<u>Waiver of Rights</u>

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the

---

unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

John Chamble, Esquire
July 26, 2010
Page 4

Court's decisions.

       f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

       g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

       h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

     5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

     6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Counts One and Two

John Chamble, Esquire
July 26, 2010
Page 5

        a.    The access device count and unauthorized access to protected computers count involve substantially the same harm and will group pursuant to U.S.S.G. § 3D1.2(d). The offense level applicable to the group is determined by the aggregate loss amount.

        b.    The base offense for these offenses is **6**, pursuant to U.S.S.G. § 2B1.1(a)(2).

        c.    The offense level is increased by **10** levels because the loss amount is more than $120,000, but not more than $200,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(I). The adjusted offense level is **16**.

        d.    This Office does not oppose a two-level (**2**) reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office will a make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level (**1**) decrease because the Defendant gave timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The final offense level is **13**.

        Count Three

        e.    The offense carries a mandatory two-year consecutive sentence, pursuant to 18 U.S.C. § 1028A and U.S.S.G. § 2B1.6(a).

    7.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

    8.    This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3 or 4 of the United States Sentencing Guidelines will be raised or are in dispute. The Defendant has reserved the right to argue for any factor that could take the sentence outside of the advisory guidelines range and he has agreed to notify the Court, the United States Probation Officer and this Office at least ten days in advance of sentencing of the facts or issues he intends to raise. This Office may oppose any request that would take the sentence outside of the advisory guidelines range.

John Chamble, Esquire
July 26, 2010
Page 6

## Obligations of the U.S. Attorney's Office

9. At the time of sentencing, this Office will recommend a sentence near the top of advisory sentencing guidelines range for Counts One and Two, and two-year consecutive sentence for Count Three. This Office will move to dismiss any open charges against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the Third Superseding Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment on Counts One and Two to the extent that it exceeds any sentence within the advisory guidelines range resulting from an adjusted base offense level of **13**; and, (ii) this Office reserves the right to appeal any term of imprisonment on Counts One and Two to the extent that it is below any sentence within the advisory guidelines range resulting from an adjusted base offense level of **13**, and any sentence of less than two years consecutive on Count Three.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

John Chamble, Esquire
July 26, 2010
Page 7

### Agreement not to Prosecute Other Offenses the Defendant May Have Committed

12.     Other than the offenses to which the Defendant has agreed to plead guilty, and with the exception of crimes of violence, crimes against children and tax violations, this Office will not prosecute the Defendant for any other violations of federal criminal law in the District of Maryland that arise from the facts stipulated by the Defendant and this Office, attached hereto and incorporated herein, that form the basis of this plea agreement.

### Obstruction or Other Violations of Law

13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Restitution

14.     The Defendant agrees to the entry of a Restitution Order for $187,659, the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Court Not a Party

John Chamble, Esquire
July 26, 2010
Page 8

15.  The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the advisory guidelines range, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The judge may consider any reliable evidence, including hearsay, in fashioning the sentence. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

John Chamble, Esquire
July 26, 2010
Page 9

  If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

            Very truly yours,

            Rod J. Rosenstein
            United States Attorney

By: _____
            Anthony V. Teelucksingh
            Special Assistant United States Attorney

            _____
            Bryan E. Foreman
            Assistant United States Attorney

  I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7/28/10             _____
Date               Andre Everton Grant

  I am Andre Everton Grant's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7/28/10             _____
Date               John Chamble